IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORE PRODUCTS, INC.; formerly known as ZINKIN AVIATION, INC., <br><br> Plaintiff, <br><br> vs. <br><br> DOVE AIR, INC., a corporation, AVIATION SERVICES, INC., a corporation, JOSEPH DUNCAN, an individual, WAYNE O'BERG, an individual, <br><br> Defendants. | No. CV-F-05-1118 REC DLB <br><br> ORDER DIRECTING PARTIES TO FILE SUPPLEMENTAL BRIEFS AND/OR SUPPLEMENTAL DECLARATIONS REGARDING PURPOSEFUL DIRECTION. |

On November 21, 2005, the Court heard the motion to dismiss for lack of personal jurisdiction filed by Defendants Aviation Services Unlimited, Inc., sued as Aviation Services, Inc., and Wayne O'Berg (collectively "Defendants").

The purposeful availment prong of specific personal jurisdiction analysis is satisfied where the nonresident defendant has "purposely availed itself of the privilege of conducting activities within the forum State, thus invoking the

1

benefits and protections of its laws" or has purposefully directed its activities toward the forum. Burger King, 471 U.S. at 475; Dole Food Co. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002). Courts use the phrase "purposeful availment" as shorthand to refer to both purposeful availment and purposeful direction. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004). Courts generally use a purposeful availment analysis for suits sounding in contract and purposeful direction analysis for suits sounding in tort. Schwarzenegger, 374 F.3d at 802.

The parties have not discussed, in their briefs or at oral argument, whether the intentional torts that Plaintiff alleges provide the basis for personal jurisdiction over Plaintiff's claims for intentional misrepresentation and conversion on a purposeful direction theory. See Dole, 303 F.3d at 1111-15 (applying the three-part "effects" test). In its Third Cause of Action, for intentional misrepresentation, Plaintiff alleges that Defendant intentionally misrepresented the airworthiness of the aircraft and "intended to deceive the Plaintiff" to induce it to complete the purchase. Compl. at 14. Plaintiff's Eighth Cause of Action, for conversion, features an allegation that Defendants "induced and enticed plaintiff to deliver the aircraft to its facility in Oklahoma City under specified terms and conditions in which said defendants agreed to release the aircraft once plaintiff had paid for its portion of the cosmetic changes to the aircraft." Compl. at 21.

The Court is concerned with whether these alleged

1  intentional acts establish that Defendants have purposefully
2  directed an act or acts toward the forum state to satisfy the
3  "purposeful availment" prong with respect to its claims for
4  intentional misrepresentation and conversion.

6  **ACCORDINGLY**, the parties shall submit supplemental
7  briefs and/or declarations as to whether, under the "effects"
8  test, Defendants have purposefully directed an act or acts toward
9  the forum such that personal jurisdiction over them does not
10 violate their constitutional due process rights.  Plaintiff's
11 supplemental brief shall be filed on or before Monday, December
12 5, 2005.  The response of Defendants ASU and Mr. O'Berg shall be
13 filed on or before December 19, 2005.  All further proceedings
14 will be by order of this Court.

17 IT IS SO ORDERED.
18 **Dated:  November 21, 2005**              **/s/ Robert E. Coyle**
   810ha4                              UNITED STATES DISTRICT JUDGE