UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORE PROJECTS, INC.,<br>              Plaintiffs,<br><br>    v.<br><br>AVIATION SERVICES, INC., et. al.,<br>              Defendants. | CV-F- 05-1118 DLB<br><br>ORDER DENYING PLAINTIFF'S MOTION TO EXTEND DISCOVERY CUT-OFF AND TO TAKE DEPOSITIONS<br>[Doc 87] |

On September 14, 2006, plaintiff Core Projects, Inc. ("Core Projects") filed a motion to extend discovery cutoff and permit depositions. Based on the agreement of the parties, the motion was heard on September 29, 2006, before the undersigned. Keith Lovendosky appeared for Core Projects. Timothy Buchanan appeared for defendants Aviation Services Unlimited, Inc. ("ASU") and Wayne O'Berg ("O'Berg"). Benjamin Hall appeared for defendants Dove Air, Inc. ("Dove Air") and Joseph Duncan ("Duncan").

**BACKGROUND**

Core Projects is a California corporation located in Fresno. It purchased a Sabre 60 jet aircraft ("aircraft") from Dove Air, a North Carolina corporation, in June of 2003. Core Projects paid $685,000.00 for the aircraft. Defendant ASU was the name of the facility that conducted pre-delivery maintenance and repairs to the aircraft. Defendant O'Berg is an officer of ASU. Defendant Duncan is the Chief Executive Officer of Dove Air.

Core Projects asserts the following claims, or causes of action, against the defendants: rescission and restitution against Dove based on its false representations as to the condition of the aircraft in 2003; fraud as a promise made without intention to perform against Dove and Duncan based on their misrepresentations as to the condition and quality of the aircraft in 2003; fraudulent misrepresentation against all defendants based on the affirmations made by defendants in writing and orally that the aircraft had been properly inspected and repaired prior to delivery in 2003 to Core Projects; negligent misrepresentation against all defendants based on representations as to the quality of repairs and maintenance to the aircraft in 2003; breach of written contract against Dove based on its failure to perform pre-delivery maintenance and repairs upon the aircraft; breach of warranty against Dove and Duncan based on their representation as to the quality of the aircraft delivered to Core Projects in 2003; breach of oral contract against all defendants relating to the 2005 repairs that were supposed to be made to the aircraft by ASU and O'Berg and paid for by Dove and Duncan; conversion against ASU and O'Berg for failing to return the aircraft to Core Projects in 2005 after Dove and Duncan failed to make payment for the 2005 repairs.

Defendant ASU has filed a counterclaim against Core Projects, Dove, and Duncan, stating that it is entitled to $88,814.90, representing its costs of repairs conducted upon the aircraft in the summer of 2005, plus storage fees, prejudgment interest and attorneys' fees.

Defendants Dove and Duncan have also filed a counterclaim against Core Projects, alleging that in September 2003, they supplied Core Projects with an alternative aircraft while repair, maintenance, and other corrective work was being completed on the Sabre 60 aircraft.  For supplying this alternative aircraft, Dove Air and Duncan allege that Core Projects owes them the sum of $23,819.26.

Core Projects brings this motion for an order extending the discovery cutoff date so as to permit Core Projects (and defendants, if they desire) to take depositions in this matter.  Core Projects wishes to take the depositions of defendants Duncan and O'Berg who were also designated as party affiliated experts.  Core Projects also wishes to take the depositions of two employees of defendant ASU, H. Pruitt and B. Butler.  Defendant O'Berg and ASU employees Pruitt and Butler reside in

Oklahoma; defendant Joseph Duncan resides in Norther Carolina.

Core Projects contends the parties completed written discovery (production of documents and interrogatories) by the end of June 2006.  On May 31, 2006, Core Projects designated Gary Gilberts as its retained expert and Dove and Duncan designated Joseph Duncan as their retained expert.  On June 1, 2006 ASU and O'Berg designated Wayne O'Berg as their expert and on June 5, 2006, Core Projects designated Tim Hawkins, a pilot/mechanic, as a supplemental expert.

On June 21, 2006, Core Projects noticed the depositions of defendants O'Berg and Duncan for July 6, 2006 and July 7, 2006, respectively and set them to take place in Fresno.  *See* Declaration of Keith Lovendosky, ¶ 7-8.   Plaintiff contends that since these individuals were also designated as experts, the deposition dates fell within the time requirements of expert witness discovery cut-off established by the Scheduling Order.

On June 28, 2006, counsel for defendants ASU and Mr. O'Berg indicated that the dates for the depositions as scheduled were not convenient and requested that they discuss rescheduling.  *See* Declaration of Keith Lovendosky, Exhibit "I."   Counsel advised that he would be out of the country until July 24, 2006 but suggested that the parties should arrange the depositions in his absence.  *Id.*  Counsel for Dove and Duncan also requested that the depositions be rescheduled due to his unavailability.  *See* Declaration of Keith Lovendosky, Exhibit "J."

On June 29, 2006, counsel for O'Berg and ASU advised that Mr. O'Berg had undergone knee surgery and would be available for depositions after July 11, 2006.  *See* Declaration of Keith Lovendosky, Exhibit "K."  On July 2, 2006, Mr. Lovendosky sent correspondence to counsel for Mr. Duncan indicating his belief that there was an understanding that the deposition of Mr. O'Berg would be reset "in the near future" and stating his hope that Mr. Duncan's deposition could be set in July or August.  *See* Declaration of Keith Lovendosky, Exhibit "L."

Counsel for Core Projects states that it was his "belief that there was an informal agreement between all counsel in this case that the depositions would eventually be scheduled and completed prior to the trial date."  Declaration of Keith Lovendosky, ¶ 13.

1    Core Projects argues that the depositions were postponed at defendants' requests and it
2 rightfully believed that there would be cooperation on the issue of rescheduling.  Core Projects
3 therefore argues it should be entitled to complete the following depositions:
4    1.   Joseph Duncan, in North Carolina;
5    2.   Wayne O'Berg in Oklahoma;
6    3.   Two (2) Aviation Services Unlimited employees, H. Pruitt and B. Butler in
7         Oklahoma.
8    Defendants oppose the motion and Core Project's characterization of the discussions
9 surrounding the depositions.  Defendants argue that Core Projects has failed to show good cause to
10 amend the scheduling order.  Defendants state that while the parties had discussions about taking
11 expert depositions after the discovery cutoff of July 7, 2006, no such discussions have taken place
12 since July 2, 2006.  Mr. O'Berg's counsel represents that he told counsel that Mr. O'Berg could be
13 made available to depositions in Oklahoma any time after July 11, 2006.  Defendants argue that
14 counsel never communicated on the subject until the pre trial conference statement filed on August
15 25, 2006.  Defendants therefore argue that Core Projects has failed to show the requisite diligence to
16 support amending the scheduling order and allowing numerous out of state depositions.

## DISCUSSION

18    Rule 16(b) of the Federal Rules of Civil Procedure authorizes the district court to control and
19 expedite pretrial discovery through a scheduling order.  Rule 16(b) states that a schedule shall not be
20 modified except upon a showing of good cause.  In this context, "good cause" has been linked with
21 the diligence of the party requesting the modification.  *See Zivkovic v. Southern California Edison*
22 Co. 302 F.3d. 1080, 1087-1088 (9th Cir. 2002); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604
23 (9th Cir. 1992).  In *Zivkovic* and *Johnson*, the courts found that good cause did not exist for the
24 requested modification because the party seeking the modification had not been diligent.
25 Carelessness is not a basis for granting relief.  *Engleson v. Burlington Northern R.R. Co.,* 972 F.2d
26 1038, 1043 (9th Cir.1992) (carelessness not a ground for relief under Rule 60(b)); *Martella v.*
27 *Marine Cooks & Stewards Union,* 448 F.2d 729, 730 (9th Cir.1971) (same).  "Although the existence

4

or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992).

Core Projects' counsel agreed to take the depositions of Mr. O'Berg and Mr. Duncan off calender in late June 2006. His last correspondence with opposing counsel on this subject was on July 2, 2006. He then waited until the end of August to request the rescheduling of not only Mr. O'Berg's and Mr. Duncan's depositions, but two (2) additional non-party depositions. There is no evidence of any communication on the subject from Mr. Lovendosky during the remainder of July or August 2006. Indeed, there is no mention of the request for depositions in the parties' August 31, 2006 Joint Pretrial Statement. In the section titled "Further Discovery or Motions", the parties' state, "No law or motion mater is currently scheduled for hearing in this matter." The first communication Mr. Lovendensky had with the Court on the subject was at the September 8, 2006 Pretrial Conference. Mr. Lovendosky was not diligent. His inattention to this case, despite the aggressive scheduling order agreed upon by the parties, does not demonstrate good cause to modify the scheduling order to allow out of state depositions less than 30 days before trial.

## CONCLUSION

The Court having read and considered the pleadings submitted in support of and in opposition to the present motion and having heard and considered the arguments made at the hearing ORDERS Core Project's motion to extend the discovery cut-off and to take depositions is DENIED.

IT IS SO ORDERED.

**Dated:   October 2, 2006**                    **/s/ Dennis L. Beck**
3b142a                                              UNITED STATES MAGISTRATE JUDGE

5